UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUSTINA LYNN WRIGHT,

                Plaintiff,

v.                               Case No. 3:23-cv-1108-MMH-SJH

MATTHEW JONES,

                Defendant.

_____

## ORDER

### I. Status

Plaintiff Justina Lynn Wright, an inmate of the Florida Women's Reception Center, is proceeding pro se and in forma pauperis on an Amended Complaint for Violation of Civil Rights (Amended Complaint; Doc. 7).[1] Following the Court's sua sponte dismissal of the claims against Judge Tatiana Salvador and Assistant State Attorney Brittany Johnson, one Defendant remains: Officer Matthew Jones with the Jacksonville Sheriff's Office (JSO). See Order (Doc. 11). As to Defendant Jones, Wright alleges he sexually assaulted her twice in connection with a traffic stop and arrest, violating her

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

Fourth Amendment rights and Florida Statutes sections 901.151 (titled "Stop and Frisk Law") and 901.24 (titled "Right of person arrested to consult attorney"). <u>See</u> Amended Complaint at 7, 9. Wright sues Defendant Jones in both his individual and official capacities. <u>Id.</u> at 3.

This matter is before the Court on Defendant's Motion to Dismiss (Motion; Doc. 19). Wright filed a response in opposition to the Motion (Response; Doc. 20).[2] Thus, the Motion is ripe for review.[3]

## II. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 n.1 (2002); <u>see also</u> <u>Lotierzo v. Woman's World Med. Ctr., Inc.</u>, 278 F.3d 1180, 1182 (11th Cir.

---

[2] With her Response, Wright filed some exhibits, including a transcript and filings from her criminal case (Exhibits B, C; Docs. 20-3, 20-4). Generally, a court should not consider extrinsic evidence when ruling on a motion to dismiss. <u>See</u> Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Under the circumstances and considering the procedural posture, the Court will not consider Wright's exhibits in ruling on Defendant's Motion.

[3] The Court summarized Wright's allegations in its partial dismissal Order and will not do so again here. <u>See</u> Order (Doc. 11) at 2. In considering Defendant's Motion, the Court must accept all factual allegations in the Amended Complaint as true, consider the allegations in the light most favorable to Wright, and accept all reasonable inferences that can be drawn from such allegations. <u>Holland v. Carnival Corp.</u>, 50 F.4th 1088, 1093 (11th Cir. 2022). As such, the facts previously summarized, as drawn from the Amended Complaint, may well differ from those that ultimately can be proved.

2

2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (quotations, citation, and original alteration omitted). Indeed, "the tenet that a court must accept as true

3

all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

### III. Summary of Arguments

Defendant Jones asks the Court to dismiss Wright's Amended Complaint on the following grounds: (1) it is a shotgun pleading; (2) he is entitled to qualified immunity on the individual-capacity claim; and (3) any claims against him in his official capacity are not sufficiently pled in accordance with Monell.[4] See Motion at 5, 7, 10.

Wright counters that Defendant Jones "breached a common law duty of care owed to [her] pursuant to [Florida Statutes section] 943.085(2),"[5] because he testified under oath at her criminal suppression hearing that he had not suspected her of having committed a crime when he pulled her over. See Response at 2. Wright claims she did not consent to a "frisk," and Defendant Jones "utilized excessive force, made skin to skin contact, and groped her

---

[4] Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658 (1978).
[5] This section is titled "Legislative intent with respect to upgrading the quality of law enforcement officers and correctional officers."

genitalia, stomach, and breast." Id. at 3. Wright further asserts Defendant Jones denied her medical attention and violated her rights to equal protection by treating her "differently due to race or gender."[6] Id. at 3–4. Finally, she contends Defendant Jones is not entitled to qualified immunity, and she may proceed on a claim under § 1983 against the City of Jacksonville on a theory of Monell liability. Id. at 5.

## IV. Analysis

### A. Shotgun Pleading

Defendant Jones first argues that Wright's Amended Complaint is a shotgun pleading because she "attempts to assert . . . multiple causes of action against multiple defendants in multiple capacities without distinct counts,"

---

[6] As summarized in the Court's sua sponte dismissal Order, Wright alleges that Defendant Jones sexually assaulted her, which implicates her rights under the Fourth or Fourteenth Amendments. See Order (Doc. 11). She does not allege the denial of medical care in her Amended Complaint, and she may not add claims or factual allegations through a Response. See, e.g., Escutia v. Carnival Corp., No. 23-24230-CIV, 2024 WL 1931703, at *24 (S.D. Fla. Mar. 13, 2024), report and recommendation adopted, 2024 WL 3201006 (June 27, 2024) ("[The court] will not consider these new allegations [raised in the response] for purposes of evaluating a dismissal motion." (citing cases)).

   With respect to the state statutory provisions Wright references in her Amended Complaint and Response, it appears she references them solely as context for her sexual assault claim. Defendant Jones appropriately notes that to the extent Wright seeks to challenge her arrest and conviction, any such claim may be barred under Heck v. Humphrey, 512 U.S. 477 (1994). See Motion at 4. The Court need not rule as a matter of law, however, whether Heck bars any claims because, even with the benefit of liberal construction, Wright does not assert a claim for false arrest or detention, and any violations of the state statutory provisions Wright references do not give rise to independent claims under § 1983.

and her pleading does not comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure in that she "does not provide a short and plain statement of [her] claim[s]." <u>See</u> Motion at 5. A "shotgun pleading" is a complaint that fails to comply with Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure in one of four ways: it contains numerous causes of action adopting the factual allegations of all preceding counts; it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; it does not separate causes of action into separate counts; or it asserts multiple claims against multiple defendants while failing to specify which defendants are responsible for which acts or omissions. <u>Weiland v. Palm Beach Cnty. Sheriff's Off.</u>, 792 F.3d 1313, 1320–22 (11th Cir. 2015).

Extending Wright, a pro se litigant, the benefit of liberal construction, the Court declines to dismiss the Amended Complaint as a shotgun pleading. While Wright's pleading is not a model of clarity, her claim against Defendant Jones is stated "discretely and succinctly, so that[] [Jones] can discern what [s]he is claiming and frame a responsive pleading." <u>See</u> <u>Barmapov v. Amuial</u>, 986 F.3d 1321, 1324 (11th Cir. 2021) (first alteration in original) (quoting <u>Weiland</u>, 792 F.3d at 1320). For instance, in setting forth her claims on the Court-approved Civil Rights Complaint Form, Wright identifies in separate paragraphs the claims she asserts against each named Defendant. <u>See</u>

Amended Complaint at 6–7. Against Defendant Jones, Wright asserts the following:

> Defendant Officer Matthew Jones[,] acting under the color of law[,] violated Plaintiff Justina Wright's fourth amendment right [on] September 30, 2022 pursuant to Fla. Stat[.] 901.151 [and 901.24] by intentionally committing sexual assault during a traffic stop. Officer Jones utilized excessive force and invaded Plaintiff's private person, papers and property.

Id. at 7. In setting forth the facts, Wright further asserts Defendant Jones sexually assaulted her "again outside of the investigation office in downtown Jacksonville." Id. at 9. To the extent the factual allegations pertaining to the two dismissed Defendants potentially add confusion because they are intermingled with the allegations against Defendant Jones, any such confusion has been resolved given the sua sponte dismissal of the claims against those Defendants. As such, Defendant Jones's Motion will be denied to the extent Jones seeks dismissal of the Amended Complaint as a shotgun pleading.

### B. Qualified Immunity

With respect to the sexual assault claim, Defendant Jones asserts he is entitled to qualified immunity because he was acting in a law enforcement capacity at the relevant times, and Wright alleges only that he "committed an

undefined 'sexual assault' against [her]." <u>See</u> Motion at 8–9.[7] The Eleventh Circuit Court of Appeals instructs that a court should "adjudicate a defense of qualified immunity at whatever stage it is raised." <u>Miller v. Palm Beach Cnty. Sheriff's Off.</u>, 129 F.4th 1329, 1334 (11th Cir. 2025). Indeed, it should be resolved "at the earliest possible stage in litigation." <u>Id.</u> (quoting <u>Jordan v. Doe</u>, 38 F.3d 1559, 1565 (11th Cir. 1994)). With respect to the pleading stage, "[g]enerally speaking, it is proper to grant a motion to dismiss on qualified immunity grounds when the 'complaint fails to allege the violation of a clearly established constitutional right.'" <u>Corbitt v. Vickers</u>, 929 F.3d 1304, 1311 (11th Cir. 2019) (quoting <u>St. George v. Pinellas Cnty.</u>, 285 F.3d 1334, 1337 (11th Cir. 2002)). The Eleventh Circuit has stated:

> The qualified-immunity defense reflects an effort to balance "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." <u>Pearson v. Callahan</u>, 555 U.S. 223, 231 (2009). The doctrine resolves this balance by protecting government officials engaged in discretionary functions and sued in their individual capacities unless they violate "clearly established federal statutory or constitutional rights of which a

---

[7] Wright does not provide details of the alleged sexual assault(s), but the term "sexual assault" is generally understood in the legal context to mean, in part, the following: "Offensive sexual contact with another person, exclusive of rape." <u>See</u> <u>Black's Law Dictionary</u> (12th ed. 2024). At some point, Wright will have to explain the nature and circumstances of the alleged sexual assault(s), but at this juncture, she has done enough to satisfy the federal pleading standard under Rule 8.

reasonable person would have known." <u>Keating v. City of Miami</u>, 598 F.3d 753, 762 (11th Cir. 2010) (quotation marks and brackets omitted).

As a result, qualified immunity shields from liability "all but the plainly incompetent or one who is knowingly violating the federal law." <u>Lee v. Ferraro</u>, 284 F.3d 1188, 1194 (11th Cir. 2002). But the doctrine's protections do not extend to one who "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff]." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 815 (1982) (internal quotation marks and alteration omitted).

To invoke qualified immunity, a public official must first demonstrate that he was acting within the scope of his or her discretionary authority. <u>Maddox v. Stephens</u>, 727 F.3d 1109, 1120 (11th Cir. 2013). As we have explained the term "discretionary authority," it "include[s] all actions of a governmental official that (1) were undertaken pursuant to the performance of his duties, and (2) were within the scope of his authority." <u>Jordan v. Doe</u>, 38 F.3d 1559, 1566 (11th Cir. 1994) (internal quotation marks omitted). Here, it is clear that Defendant Officers satisfied this requirement, as they engaged in all of the challenged actions while on duty as police officers conducting investigative and seizure functions.

Because Defendant Officers have established that they were acting within the scope of their discretionary authority, the burden shifts to [the plaintiff] to demonstrate that qualified immunity is inappropriate. <u>See</u> <u>id.</u> To do that, [the plaintiff] must show that, when viewed in the light most favorable to him, the facts demonstrate that Defendant Officers violated [Plaintiff's] constitutional right and that that right was "clearly established . . . in light of the specific context of the case, not as a broad general

> proposition[,]" at the time of Defendant officers' actions. <u>Saucier v. Katz</u>, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), <u>overruled in part on other grounds by</u> <u>Pearson</u>, 555 U.S. 223, 129 S.Ct. 808. We may decide these issues in either order, but, to survive a qualified-immunity defense, [the plaintiff] must satisfy both showings. <u>Maddox</u>, 727 F.3d at 1120–21 (citation omitted).

<u>Jones v. Fransen</u>, 857 F.3d 843, 850–51 (11th Cir. 2017); <u>see also</u> <u>King v. Pridmore</u>, 961 F.3d 1135, 1142 (11th Cir. 2020).

The Eleventh Circuit has identified three ways a plaintiff can demonstrate a right was clearly established at the time of the alleged conduct: first, by pointing to "case law with indistinguishable facts"; second, by pointing to "a broad statement of principle within the Constitution, statute, or case law"; or third, when the alleged "conduct [is] so egregious that a constitutional right was clearly violated, even in the total absence of case law." <u>Gilmore v. Ga. Dep't of Corr.</u>, 144 F.4th 1246, 1258 (11th Cir. 2025) (quoting <u>T.R. by and through Brock v. Lamar Cnty. Bd. of Educ.</u>, 25 F.4th 877, 883 (11th Cir. 2022)). Under the first two methods, district courts in the Eleventh Circuit may consider only "three buckets of caselaw"—those from the United States Supreme Court, the Eleventh Circuit, or the highest court of the relevant state. <u>Id.</u> at 1262–63. However, in an <u>en</u> <u>banc</u> decision, the Eleventh Circuit recently clarified that, under the third method, the so-called "obvious clarity" method, district courts are not constrained to consider only authority from the United States Supreme

10

Court, the Eleventh Circuit, or the highest court of the state. Id. at 1263. Rather, "persuasive decisions from other circuits can be considered in determining whether a violation was one of 'obvious clarity' for purposes of qualified immunity." Id. 1259, 1263 ("The Supreme Court has said on numerous occasions that the decisions of other circuits are a relevant consideration in determining whether the law is clearly established."). In other words, a legal principle can be clearly established, or "settled law," if there is "a robust consensus of cases of persuasive authority," which gives a reasonable officer "fair warning that the[] alleged [conduct] . . . was unconstitutional." Id. (emphasis omitted) (first quoting District of Columbia v. Wesby, 583 U.S. 48, 63 (2018); then quoting Hope v. Pelzer, 536 U.S. 730, 741 (2002)).

Applying this standard, in Gilmore, based on "a robust consensus of cases of persuasive authority," the court reversed the district court's grant of summary judgment on qualified immunity grounds. Id. at 1264. In doing so, the court concluded "any reasonable correctional officer" would have known that an invasive strip search of a woman visiting her husband in prison "was obviously unconstitutional," despite a lack of controlling authority holding that a strip search must be supported by reasonable suspicion. Id.

Defendant Jones asserts, "[T]he plain language of the [Amended] Complaint shows that [he] was acting in a law enforcement capacity with

11

[JSO]," so the burden shifts to Wright to demonstrate the violation of a constitutional right that was clearly established. See Motion at 8–9. Defendant Jones indeed was acting in a law enforcement capacity when he encountered Wright, and Wright does not disagree.[8]

Nevertheless, Defendant Jones is not entitled to qualified immunity at this stage of the proceeding. Accepting Wright's allegations as true—that Defendant Jones sexually assaulted her during a traffic stop and again at the "investigation office"—she would be able to make an 'obvious clarity' showing even though there is no controlling case law holding that a sexual assault by a law enforcement officer acting in the scope of his authority violates the constitution. See Gilmore, 144 F.4th at 1263. There is "a robust consensus" in other circuits that a reasonable officer would know committing a sexual assault constitutes a violation either of the Fourth or Fourteenth Amendments, depending on the context (i.e., an arrest, detention, or other encounter). See, e.g., Hess v. Garcia, 72 F.4th 753, 763 (7th Cir. 2023) ("Not all touches by officers rise to the level of seizures under the Fourth Amendment, of course,

___

[8] According to the Arrest & Booking Report, Defendant Jones arrested Wright on September 30, 2022, after pulling her over for having dark tint on her windows and smelling marijuana coming from her vehicle. See State v. Wright, No. 2020-CF-8854 (Fla. 4th Cir. Ct.). Additionally, the Information filed by the State Attorney's office shows that it charged Wright with the following: being a convicted felon in possession of a firearm; possessing a controlled substance; and resisting a law enforcement officer without violence. Id.

12

but sexual assaults do."); <u>id.</u> at 764 ("Substantive due process under the Fourteenth Amendment still protects people from unconstitutional conduct committed under color of law when neither a search nor seizure occurs."); <u>Tyson v. Sabine</u>, 42 F.4th 508, 520 (5th Cir. 2022) ("It is obvious that the right to bodily integrity forbids a law enforcement officer from sexually abusing a person by coercing them to perform nonconsensual physical sex acts for his enjoyment."); <u>Shepherd v. Robbins</u>, 55 F.4th 810, 817, 820 (10th Cir. 2022) (holding an officer who pulled over a female only to "flirt with her" and "further his own sexual gratification" violated her clearly established right to be free from sex discrimination under the Equal Protection Clause of the Fourteenth Amendment; <u>Fontana v. Haskin</u>, 262 F.3d 871, 878 (9th Cir. 2001) (explaining that the Fourth Amendment protects an arrestee from "unreasonable seizure and intrusion on [her] bodily integrity" (cited with approval by <u>Hicks v. Moore</u>, 422 F.3d 1246, 1253–54 (11th Cir. 2005))); <u>Jones v. Wellham</u>, 104 F.3d 620, 628 (4th Cir. 1997) (distinguishing between a Fourth Amendment sexual assault claim—one occurring in the context of an arrest or detention—and a Fourteenth Amendment sexual assault claim—one occurring outside the context of an arrest or detention but by someone "acting under color of state law").

Despite the absence of controlling case law, a reasonable law enforcement officer conducting his lawful duties would know that his authority does not include the right to sexually assault an arrestee. See Walker v. Heard, No. 7:15-cv-924-RDP, 2016 WL 6699417, at *8 (N.D. Ala. Nov. 15, 2016)[9] ("Simply put, while a deputy sheriff has the authority to detain an individual for violating the law and to use reasonably necessary physical force in order to effectuate that arrest, see Lee, 284 F.3d at 1197,[10] a deputy sheriff does not have the authority to engage in coerced sexual activity with a detainee during detention."); see also Weeks v. Colquitt Cnty., Ga., No. 7:23-cv-77 (LAG), 2025 WL 897531, at *8 (M.D. Ga. Mar. 24, 2025) (denying an officer qualified immunity because "a reasonable officer would have known that . . . sexually assaulting [the plaintiff when conducting an investigation] violated her Constitutional right to be free from discrimination on the basis of her sex"); Anderson v. Johnson, No. 1:22-cv-598, 2023 WL 6296648, at *4–5, 8 (M.D.N.C. Sept. 27, 2023) (holding the plaintiff plausibly stated a Fourth Amendment claim when she alleged officers sexually assaulted her during an arrest, and denying the officers qualified immunity at the motion-to-dismiss stage because

---

[9] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

[10] Lee v. Ferraro, 284 F.3d 1188 (11th Cir. 2002).

14

a "sexual assault during a traffic stop is an established constitutional violation about which a reasonable person would have known").

Affording Wright the benefit of liberal construction and accepting her allegations as true, Defendant Jones is not entitled to qualified immunity at this stage of the proceeding. Of course, Jones many renew his request for qualified immunity on a more complete record in consideration of all the circumstances of the encounter. For instance, without the benefit of discovery or further explanation by Wright, it is unclear whether Defendant Jones, in the scope of his lawful duties, intentionally or inadvertently touched Wright's body in a sexual manner. See, e.g., Hicks, 422 F.3d at 1253–54 ("[N]ot every intrusion, touching, discomfort[,] or embarrassment during an arrest is actionable as a violation of the Fourth Amendment. Some of these acts may be provably accidental or just too insignificant and thus within the range of the constitutionally reasonable."). As such, Defendant Jones's request for dismissal of the sexual assault claim is due to be denied.

## C. Monell Liability

Defendant Jones also asserts Wright may not proceed on a claim against him in his official capacity because she does not allege that "an official policy or custom of the municipality was the 'moving force' behind the alleged constitutional deprivation." See Motion at 11. In Monell, the Supreme Court

15

held that local governments can be held liable for constitutional torts caused by official policies. 436 U.S. at 694. However, such liability is limited to "acts which the [government entity] has officially sanctioned or ordered." Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986). See also Hoefling v. City of Miami, 811 F.3d 1271, 1279 (11th Cir. 2016) ("Monell . . . is meant to limit § 1983 liability to 'acts which the municipality has officially sanctioned or ordered'"). Accordingly, under the directives of Monell, a plaintiff must allege that the constitutional deprivation was the result of "an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law." Denno v. School Bd. of Volusia Cnty., Fla., 218 F.3d 1267, 1276 (11th Cir. 2000).

In her Amended Complaint, Wright does not identify an official JSO policy or an unofficial JSO custom or practice that was the moving force behind Jones's alleged constitutional violation. See Amended Complaint at 7, 9. On the contrary, she alleges Defendant Jones acted "intentionally" or "unprofessional[ly]," see id., and in her Response, she asserts Defendant Jones "depart[ed] from the essential requirements of the law and training provided by [JSO]," see Response at 20. These assertions belie any suggestion that Defendant Jones was acting in accordance with an official policy or unofficial

16

custom for which JSO can be held responsible under § 1983. <u>See</u> <u>id.</u> As such, Wright's official-capacity claim is due to be dismissed.

Accordingly, it is now

**ORDERED:**

1.     Defendant's Motion to Dismiss (Doc. 19) is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** only to the extent the official-capacity claim against Defendant Jones is **DISMISSED**. In all other respects, the Motion is **DENIED without prejudice** subject to Defendant Jones's right to renew a qualified immunity defense later in the proceedings.

2.     Defendant Jones must answer the Amended Complaint (Doc. 7) within **twenty days** of the date of this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of August, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-6 8/19
c:     Justina Lynn Wright, #C91747
       Counsel of record

17